UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO ABREU,<br><br>                    Petitioner,<br><br>     v.<br><br>JON FISHER,<br><br>                    Respondent. | CIVIL ACTION NO. 1:14-CV-00457<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On March 11, 2014, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the Petitioner, a native of the Dominican Republic, on February 27, 2014. (Doc. 1). At the time of the filing of his federal habeas petition, the Petitioner was incarcerated at SCI Smithfield, which is located in Huntingdon County, Pennsylvania.

I. **BACKGROUND**

On January 22, 2007, following a jury trial, the Petitioner was convicted in the Court of Common Pleas of Northumberland County of twelve counts of delivery of or possession with intent to deliver controlled substances, six counts of criminal use of a communication facility, one count of criminal conspiracy, one count of dealing in proceeds of unlawful activities, one count of racketeering, and one count of conspiracy to commit racketeering. On April 2, 2007, the Petitioner was sentenced to serve an aggregate term of twenty-seven to fifty-four years in prison, to be served consecutive to a previously imposed federal sentence. *See Commonwealth v. Abreu*, No. CP-49-CR-0000542-2004 (Northumberland County C.C.P.); *see also United States v. Abreu*, No. 1:03-CR-20637-FAM-2 (S.D. Fla.). His conviction and sentence were affirmed on

direct appeal by the Superior Court of Pennsylvania on August 12, 2008. *See Commonwealth v. Abreu*, No. 730 MDA 2007 (Pa. Super. Ct.). The Petitioner filed a PCRA motion in the state trial court on June 3, 2009, which was subsequently dismissed by that court on October 10, 2013. *See Commonwealth v. Abreu*, No. CP-49-CR-0000542-2004 (Northumberland County C.C.P.). The Petitioner has appealed the denial of his PCRA motion to the Superior Court of Pennsylvania, where that appeal remains pending. *See Commonwealth v. Abreu*, No. 1987 MDA 2013 (Pa. Super. Ct.).

Meanwhile, on August 19, 2013, the Pennsylvania Board of Probation and Parole (the "Board") granted Abreu conditional early parole pursuant to 61 Pa. C.S. § 6143, directing that he be released to the custody of United States Immigration and Customs Enforcement ("ICE") for deportation to the Dominican Republic. (Doc. 1, at 11). Under this Pennsylvania statute, the Board is authorized, under certain conditions, to parole an inmate to ICE for deportation prior to expiration of the inmate's minimum term of imprisonment. *See* 61 Pa. C.S. § 6143(a). The statute provides, however, that the decision to parole an inmate under this statute is entirely discretionary. *See* 61 Pa. C.S. § 6143(b). Moreover, this grant of parole is expressly conditioned upon the successful deportation of the inmate — if the inmate is not deported, the statute mandates that the inmate be returned to state correctional custody and the grant of parole be rescinded. *See* 61 Pa. C.S. § 6143(c).

On September 16, 2013, the Board notified Abreu that it had decided to hold a parole rescission hearing, based on its receipt on September 10, 2013, of a recommendation from the prosecuting attorney against early parole. (Doc. 1, at 15). The parole rescission hearing was scheduled to be held on September 20, 2013. (Doc. 1, at 15). On September 17, 2013, Abreu waived his right to a hearing. (Doc. 1, at 16). On January 28, 2014, the Board rescinded its

previous grant of parole and scheduled Abreu for reconsideration of early parole in January 2016. (Doc. 1, at 17).

On March 11, 2014, the Court received the instant § 2241 petition for filing, together with a "Motion and Memorandum for an Expedited Hearing." (Doc. 1; Doc. 2; Doc. 3). These documents were signed by the Petitioner and dated February 27, 2014. (Doc. 1; Doc. 2; Doc. 3). The sole respondent named in the petition is Jon Fisher, Superintendent of SCI Smithfield. (Doc. 1). The petition is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.[1]

## II. DISCUSSION

On its face, it is not entirely clear whether the petition is directed at federal immigration officials or state parole officials. In stating the grounds for his challenge, Abreu argues that the Parole Board's decision to rescind its conditional grant of early parole is without basis in state law, arbitrary and in violation of his due process rights under the Fourteenth Amendment to the United States Constitution, and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Meanwhile, the only relief requested is an order directing the respondent to deport the Petitioner immediately — an order that would necessarily be directed to ICE rather than the Parole Board. In either event, Superintendent Fisher is Abreu's immediate custodian and the proper respondent. *See* 28 U.S.C. § 2243; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994).

---

[1] The Court exercises its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, to apply those rules to this § 2241 petition.

Abreu appears to be subject to deportation pursuant to a final order of removal. But until he is released from state prison on parole or upon the expiration of his sentence, ICE is under no obligation to take him into custody and deport him. *See* 8 U.S.C. § 1231(a)(4); *Duamutef v. Immigration & Naturalization Serv.*, No. CV-02-1345, 2003 WL 21087984, at *3–*4 (E.D.N.Y. May 14, 2003). At this time, Abreu remains confined at SCI Smithfield in the custody of the Pennsylvania Department of Corrections, pursuant to his Northumberland County criminal conviction and sentence. He is not currently in ICE custody, actual or constructive. As a result, this Court lacks jurisdiction under § 2241 insofar as Abreu seeks to challenge his prospective confinement in federal custody pending removal from the United States. *See Duamutef*, 2003 WL 21087984, at *3; *see also* 8 U.S.C. § 1231(a)(4)(D).

Similarly, this Court lacks jurisdiction under § 2241 to the extent that Abreu seeks to challenge his current confinement in state custody, as § 2254 is the exclusive vehicle for challenging confinement "in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a); *Coady v. Vaughn*, 251 F.3d 480, 484–86 (3d Cir. 2001) (holding that a state prisoner must rely on § 2254 rather than § 2241 when challenging parole decisions); *see also White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004) ("28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.").

The Court declines to construe Abreu's petition as a § 2254 petition and address the merits of his claims, however, due to possible prejudice to any future § 2254 petition he might wish to file challenging his underlying criminal conviction and sentencing. *See generally* 28 U.S.C. § 2244(b) (limiting availability of second or successive § 2254 habeas petitions and requiring pre-certification by the courts of appeals); *Coady*, 251 F.3d at 484–85 (discussing

restricted availability of second or successive § 2254 petitions). The instant federal habeas petition addresses only the rescission of early parole. It does not address any claims Abreu may have presented in his PCRA motion to challenge the validity of his underlying criminal conviction and sentence. Moreover, permitting Abreu to amend this petition to include any such additional claims would be futile, as he has not yet exhausted his state court remedies. *See* 28 U.S.C. § 2254(b) (requiring dismissal of habeas petitions containing unexhausted claims); *Rose v. Lundy*, 455 U.S. 509 (1982) (requiring dismissal of "mixed" habeas petitions containing both exhausted and unexhausted claims).

Accordingly, the petition should be dismissed for lack of jurisdiction.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that Abreu's petition (Doc. 1) be **DISMISSED FOR LACK OF JURISDICTION** and the motion for an expedited hearing (Doc. 2) be **DENIED AS MOOT**.

BY THE COURT:

**Dated: April 4, 2014**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO ABREU,<br><br>        Petitioner,<br><br>v.<br><br>JON FISHER,<br><br>        Respondent. | CIVIL ACTION NO. 1:14-CV-00457<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 4, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: April 4, 2014**
                                                           *s/ Karoline Mehalchick*
                                                           **KAROLINE MEHALCHICK**
                                                           **United States Magistrate Judge**