IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIO ABREU,** | : | CIVIL NO. 1:14-CV-0457 |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Mehalchick) |
| **JON FISHER,** | : | |
| Respondent | : | |

# **M E M O R A N D U M**

**I.     Introduction**

Before the court is a report of Magistrate Judge Mehalchick in which she recommends that a petition for a writ of habeas corpus filed by Petitioner Mario Abreu pursuant to 28 U.S.C. § 2241 be dismissed.  The magistrate judge screened the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. 2254 and exercised her discretion under Rule 1(b) to apply those rules to this § 2241 petition.  Abreu has filed objections to the report and recommendation.

**II.    Factual Background**

Petitioner is a Pennsylvania state prisoner who was sentenced on April 2, 2007 to a term of imprisonment of twenty-seven to fifty-four years in prison.  This term was consecutive to a previously imposed federal sentence.  On August 19, 2013, the Pennsylvania Board of Probation and Parole ("the Board") granted Abreu parole pursuant to 61 Pa. Cons. Stat. § 6143, directing that he be released to the custody of United States Immigration & Customs Enforcement ("ICE") for deportation to the Dominican Republic.  On September 15, 2013, Abreu was notified by the Board that it had decided to hold a parole rescission hearing, based on an objection by the

prosecuting attorney to Abreu's early parole. The parole rescission hearing was scheduled for September 20, 2013. Abreu waived his right to a hearing. On January 28, 2014, the Board rescinded its previous grant of parole. From on or about September 11, 2013 to January 28, 2014 (the date of the parole recession), Abreu was in the custody of ICE.

**III.        Discussion**

In his petition, Abreu argues that the Board's decision to rescind its conditional grant of early parole is without a basis in state law, arbitrary, in violation of his due process rights under the Fourteenth Amendment to the United States Constitution, and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. He requests that Respondent deport him immediately.

The magistrate judge opined that while Respondent, the Superintendent of the State Correctional Institution at Smithfield, is the proper respondent for purposes of 28 U.S.C. § 2241, he cannot deport Abreu.[1] The magistrate judge cites to 61 Pa. Cons. Stat. § 6143(a) and *Duamutef v. Immigration and Naturalization Serv.*, No. CV-02-1345, 2003 WL 21087984, at \*3-\*4 (E.D.N.Y. May 14, 2003), in support of the Board's decision.

This court does not believe *Duamutef* is controlling in this matter. *Duamutef* was paroled pursuant to a New York parole statute – known as the CPDO – which specifically conditioned early parole on prompt deportation. In fact, *Duamutef* was never turned over to ICE.

---

[1]Because of the ultimate disposition of this case, this court does not reach the issue of whether or not it can order the Superintendent to transfer Abreu to ICE for deportation.

Under 61 Pa. Cons. Stat. § 6143(b), the parole decision is discretionary. That discretion was exercised in favor of Abreu on August 19, 2013. The magistrate judge opines that the revocation of parole is supported by 61 Pa. Cons. Stat. § 6143(c), which states:

> **(c) Return of inmate by United States**. – If the United States Immigration and Customs Enforcement is unable to or does not deport the inmate, the inmate shall be returned to the custody of the department and the board shall rescind the inmate's parole.

In the instant case, the revocation of Abreu's parole was at the instigation of the state prosecutor who opposed the parole. There is nothing in the record that supports that ICE was unable to deport Abreu. While Abreu was not deported while in ICE custody, pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), ICE has at least six months to effect said removal.

### IV.     Conclusion

In spite of the above, this court does not have jurisdiction to grant relief. Abreu's problem lies with the Pennsylvania Board of Probation and Parole as to whether the rescission of his parole was proper. Abreu must exhaust his state remedies before proceeding in this court. Therefore, the petition will be dismissed. An appropriate order will be issued.

                                                       s/Sylvia H. Rambo
                                                     United States District Judge

Dated: April 28, 2014.